**HALL, Plaintiff-Appellant, v. BRICK, Defendant-Appellee, MURMAN et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 22127, 22128.   Decided June 18, 1951.

Karl J. Ertle, Cleveland, for plaintiffs-appellants.
McNeal & Barry, Cleveland, for defendant-appellee.
McNeal & Barry, Cleveland, for defendants-appellants.

## OPINION

Per CURIAM:

The two cases herein, the first involving Mrs. Hall, which was a suit for personal injuries and the second, an action by her husband for loss of service, were tried together in the trial court and were argued at the same time in this Court. In the action brought by Mrs. Hall for personal injuries against the defendant, Brick, owner and operator of a beauty parlor and the defendants, Murman, the owners of the premises, plaintiff sought to recover for injuries sustained by her when she fell down a stairway leading to the basement of certain premises.  Plaintiff at the time had entered the shop of Mrs. Brick and after having had her hair done, asked for a place of privacy in which to arrange her clothes.  The testimony as to what then transpired is conflicting, the defendant, Mrs. Brick, having testified that she pointed to a corner of the beauty parlor.  Plaintiff and her companion testified, however, that Mrs. Brick pointed in the direction of a doorway, or specifically informed the plaintiff to proceed through a certain door which plaintiff opened.  Plaintiff, at any rate, did proceed through a door which she opened entering a darkened passageway at the top of a flight of stairs ,down which plaintiff fell.

Plaintiff's case and that of her husband for loss of service was heard by a jury. In addition to the testimony by Mrs. Brick, the operator of the beauty parlor and testimony of plaintiff's witnesses, there was testimony by Mr. Murman, one of the owners of the premises, and as to the latter there was testimony that the landlord rather than the beauty parlor operator had control of the premises. Testimony was before the jury that the hallway was dark at the time and that there was no handrail leading to the basement. The jury after instructions of the trial court and after submission of the case, brought in a verdict in favor of the defendant, Mrs. Brick, and against the defendants, Mr. and Mrs. Murman, owners of the premises.

This Court having studied the bill of exceptions in this case, finds that; as to the verdict of the jury in favor of the defendant, Brick, and against the plaintiff, there was evidence from which the jury could properly reach such a conclusion since the testimony of plaintiff and her companion was in conflict with that of defendants, particularly with reference to the circumstances under which plaintiff opened the door leading to the passageway. The jury may have reached their verdict in favor of the defendant, Brick, either on the ground that there was no negligence by the defendant, Brick, or that any negligence on the part of said defendant was not the direct and proximate cause of the injuries to plaintiff. This Court, as a reviewing court, is not inclined to substitute its judgment for that of the jury, the trial court in its instructions having correctly pointed out the alternatives to the jury.

With reference to the verdict in favor of plaintiff and against the defendants, Murman, this Court further finds that said verdict was not necessarily inconsistent with the jury's finding in favor of the defendant, Brick. The jury, in rendering its verdict against the defendants, Murman, apparently determined that the defendant, Brick, was not negligent, or that the injuries to plaintiff were sustained wholly because of failure of the defendants, Murman, owners of the premises, to maintain a handrail or adequate lighting as provided by §1006 GC.

Since there was conflicting testimony and the verdict of the jury against the defendants, Murman, was not inconsistent with a finding in favor of defendant, Brick, the trial court did not commit error in entering judgment on the verdict. Having examined the evidence and observing that questions of fact were presented upon which reasonable minds might have reached different conclusions with respect thereto, it was the province of the jury to perform the func-

tion of weighing the conflicting evidence. **Hampden Lodge v. The Ohio Fuel Gas Co., 127 Oh St 469.** The jury having determined the matter in the one circumstance in favor of plaintiff and the other adversely, this Court will not disturb the jury verdict.

The Court has examined the other assignments of error and finds no error on the part of the trial court in the introduction and exclusion of evidence and further finds that the Court did not err, in withdrawing from consideration of the jury, ordinances of the City of Lakewood, the Court having properly charged the jury as to the requirements of §1006 GC.

The judgment of the trial court is, therefore, affirmed. Exceptions. Order see Journal.

SKEEL, PJ, HURD, J, THOMPSON, J, concur.